United States District Court
Eastern District of Michigan
Northern Division

United States of America,

    Plaintiff,

                                  No. 20-cr-20491

v.

                                  Hon. Thomas L. Ludington

Justin William Zube,

---

**Motion for Hearing on Defendant's Motion to Dismiss for Lack of Jurisdiction and Completion of Inquiry Concerning Self-Representation**

---

The United States of America, by and through its attorneys undersigned, respectfully moves for a hearing on defendant's motion to dismiss for lack of jurisdiction and completion of inquiry concerning self-representation. In support of this motion, the United States states as follows:

1. On October 7, 2020, a federal Grand Jury indicted defendant for possession of and accessing with intent to view child pornography involving a prepubescent minor or a minor who had not attained 12 years of age. ECF No. 1 PageID.1. The Court ordered that counsel be appointed to represent defendant. ECF No. 6 PageID.11. Attorney Ebony Ellis was appointed.

2. On April 5, 2021, Attorney Ellis filed a motion to withdraw as counsel. ECF No. 15 PageID.40. In support of that motion, counsel explained that

defendant has become dissatisfied with counsel's representation, because counsel refused to file a motion to dismiss for lack of jurisdiction, based on the "sovereign man defense." Counsel stated she discussed the basis for the Court's jurisdiction in detail and refused to file a motion to dismiss for lack of jurisdiction, because the motion is frivolous. Counsel represented that she could not make any progress in the case, because defendant refuses to accept counsel's advice regarding the merits of a motion to dismiss for lack of jurisdiction based on the "sovereign man defense." Defendant has made it clear to his counsel that he will not consider accepting the Rule 11 Plea Agreement until a motion to dismiss for lack of jurisdiction is filed and heard by the Court.

3. On April 28, 2021, following a hearing on Attorney Ellis's motion, the Court granted the motion to withdraw as counsel. The Court also listened to defendant's motion for lack of jurisdiction. While it stated the motion is frivolous, the Court did not rule on defendant's motion. Moreover, notwithstanding defendant's statements that he did not want to represent himself, the Court did not appoint substitute counsel or standby counsel, and ordered defendant to represent himself.

4. Defendant, who is now appearing *pro se*, has made an oral motion to dismiss the case for lack of jurisdiction because he claims to be a

"sovereign citizen." The United States opposes the motion, and requests that the Court rule upon it at the pretrial conference that is currently set for May 5, 2021.

5. In addition, because on April 28, 2021, the Court granted Attorney Ellis's motion to withdraw and ordered defendant to represent himself, relevant caselaw supports that the Court should conduct further inquiry of defendant, and make additional findings in connection with defendant's self-representation, if defendant is going to continue to represent himself going forward. In the alternative, the United States does not object to the appointment of new counsel to replace Attorney Ellis, or to the appointment of standby counsel, should defendant continue to represent himself.

6. Before a criminal defendant may represent himself at trial, he must knowingly and intelligently waive his right to counsel. *Faretta v. California,* 422 U.S. 806, 835 (1975) ("[H]e should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.") (citation and quotation marks omitted). Whenever a district court in the Sixth Circuit is faced with an accused who wishes to represent himself, the court must ask the defendant a series of questions drawn from, or substantially similar to, the model inquiry set forth in the *Bench Book for*

*United States District Judges. United States v. McDowell,* 814 F.2d 245, 250 (6th Cir.1987); *see also United Sates v. Miller,* 910 F.2d 1321, 1324 (6th Cir 1990)(holding that literal adherence to the recommended battery of questions is not required). After the questioning, the district court should make an express finding on the record that the accused has knowingly and voluntarily waived his right to counsel. *McDowell,* 814 F.2d at 250; *United States v. McBride*, 362 F.3d 360, 366 (6th Cir. 2004); *see also United States v. Bankston*, 820 F.3d 215, 226 (6th Cir. 2016).

7. The Court of Appeals for the Sixth Circuit has consistently held that a defendant can waive his right to counsel through misconduct. In *United States v. Green*, 388 F.3d 918, 921 (6th Cir. 2004), the defendant wanted to represent himself, and also wanted the court to appoint an attorney to act as his co-counsel. The district judge, who had already allowed the defendant's three previous attorneys to withdraw, refused to appoint co-counsel. This Court held that this decision did not violate the Sixth Amendment even though it effectively required the defendant to proceed *pro se*. *Id.* at 921–22 ("[A] persistent, unreasonable demand for dismissal of counsel and appointment of new counsel ... is the functional equivalent of a valid waiver of counsel."). The Court reached a similar conclusion in *United States v. Coles*, 695 F.3d 559, 560–62 (6th Cir. 2012), holding that a defendant did

4

not have a constitutional right to demand that the court appoint new counsel for him when he had previously fired four attorneys. Likewise, in *United States v. Pittman*, 816 F.3d 419, 425–26 (6th Cir. 2016), the defendant rejected a series of court-appointed lawyers. When Pittman dismissed the last attorney, the district court ruled that he had given up his right to counsel, leaving Pittman to represent himself with standby counsel.

8. Given that defendant did not request to dismiss Attorney Ellis and stated he did not wish to represent himself, and in light of the relevant case law, the United States asks this Court conduct further inquiries of defendant and make the necessary findings on the record.

Accordingly, the United States respectfully requests that the Court conduct a hearing on defendant's motion to dismiss for lack of jurisdiction and complete the inquiry concerning self-representation at the Final Pre-Trial Conference scheduled for May 5, 2021.

                                              Respectfully submitted,

                                              SAIMA MOHSIN
                                              Acting United States Attorney

Dated: April 30, 2021                s/Anca I. Pop
                                              Assistant U.S. Attorney
                                              101 First Street, Suite 200
                                              Bay City, MI  48708-5747
                                              Telephone Number: (989) 895-5712
                                              E-mail:  anca.pop@usdoj.gov

## **CERTIFICATION OF SERVICE**

I hereby certify that on April 30, 2021, the foregoing document was electronically filed, by an employee of the United States Attorney's Office, with the Clerk of the Court using the ECF system. I further certify that a copy of said document was forwarded via U.S. First Class mail to:

    Justin William Zube
    Midland County Jail
    101 Fast Ice Dr,
    Midland, MI 48642

Dated: April 30, 2021                  s/Anca I. Pop
                                            Assistant U.S. Attorney