UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 1:20-cr-20491

v.

                                           Honorable Thomas L. Ludington
JUSTIN WILLIAM ZUBE,               Magistrate Judge Patricia T. Morris

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR A HEARING AS MOOT**

This matter is before this Court upon the Government's Motion for Hearing. ECF No. 18. For the reasons stated herein, the Government's Motion will be denied as moot.

**I.**

On October 7, 2020, Defendant Justin William Zube was indicted on one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). ECF No. 1. Defendant is detained pending trial, which is currently set for October 12, 2021. ECF No. 26.

On October 23, 2020, attorney Ebony L. Ellis was appointed to represent Defendant. ECF No. 6. On April 5, 2021, Ms. Ellis filed a motion to withdraw as counsel. ECF No. 15. In her motion, Ms. Ellis stated that Defendant had been satisfied with her until she refused to file a motion to dismiss based on frivolous sovereign-citizen rhetoric. *Id.* at PageID.43. Ms. Ellis reportedly informed Defendant that such a motion lacked merit and, therefore, could not be ethically filed; but Defendant "simply dismiss[ed] her legal advice." *Id.* at PageID.44.

On April 28, 2021, this Court conducted a Zoom videoconference hearing, with Defendant's consent, during which Ms. Ellis and Defendant testified regarding their attorney-client relationship. This Court also gave Defendant an opportunity to explain the reasoning behind his

proposed motion. Defendant explained his reasoning by reading part of a document he had prepared. In essence, Defendant argued that this Court could not exercise jurisdiction over him because the indictment named "JUSTIN WILLIAM ZUBE"—a fictitious entity created by the federal government—not him, the flesh and blood being.[1] Defendant further claimed that he existed outside the jurisdiction of the United States.

This Court informed Defendant that his argument was frivolous, that he was subject to the jurisdiction of the United States, and that Ms. Ellis could not ethically file his proposed motion. Despite this Court's warning that it was inadvisable to proceed without counsel, Defendant again claimed that this Court could not exercise jurisdiction over him. Toward the end of the hearing, this Court indicated that Ms. Ellis's motion would be granted.

Shortly after the hearing, the Government filed a motion asking this Court (1) to conduct a hearing on Defendant's purported "oral motion to dismiss" and (2) to complete the self-representation inquiry. ECF No. 18. The Government argues that, by presenting the rationale for his proposed motion on the record, Defendant made an oral motion to dismiss that has not yet been decided. *Id.* at PageID.51. The Government also notes that, if Defendant were to proceed pro se, this Court would need to complete the *Faretta* self-representation inquiry to verify that Defendant knowingly and intelligently waived his right to counsel. *See Faretta v. California*, 422 U.S. 806, 835 (1975); ECF No. 18 at PageID.52–54.

On May 3, 2021—three days after the Government filed its Motion—this Court entered an order granting Ms. Ellis's motion to withdraw. ECF No. 19. Two weeks later, during a pretrial

---

[1] The distinction advanced by Defendant is a well-recognized feature of sovereign citizens' rhetoric. *See United States v. McQuarters*, No. 11-MC-51386, 2013 WL 6095514, at *2 (E.D. Mich. Nov. 20, 2013) ("Ms. McQuarters appears to subscribe to some variation of the 'redemption movement' or the 'sovereign citizen movement,' bizarre, conspiracy-oriented theories that differentiate between some fictional entity created by the government and registered as a maritime vessel, and the actual 'flesh and blood' sentient being . . . .").

conference on May 18, 2021, Defendant expressed an interest in being represented by counsel. Later that same day, attorney Jeffrey J. Rupp was appointed to represent him. ECF No. 21.

## II.

The Government's Motion for a Hearing will be denied as moot for two reasons.

First, it does not appear that any "oral motion to dismiss" remains pending or was ever made. Defendant was asked to provide the reasoning for his proposed motion and did so. He was then informed that his reasoning was frivolous, both on the record and in the subsequent order granting Ms. Ellis's motion to withdraw. To the extent any oral motion was made, it was denied when this Court informed Defendant that his reasoning was patently frivolous—and there can be no debate that his reasoning was patently frivolous. *See United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting defendant's argument that "District Court lacked jurisdiction over him because he [was] solely a resident of the state of Michigan and not a resident of any 'federal zone'" as "completely without merit and patently frivolous"); *see also Baird v. Ammiyhuwd*, No. 1:16CV01152, 2018 WL 3524465, at *2 (S.D. Ohio July 23, 2018) ("The notion that a person is a 'sovereign citizen' and not subject to the laws of the United States has uniformly been rejected by the courts as lacking any foundation in law.") (internal citation marks omitted).

Second, there is no need to conduct the *Faretta* self-representation inquiry because Defendant is now represented by counsel.

## III.

Accordingly, it is **ORDERED** that the Government's Motion for a Hearing on Defendant's Oral Motion to Dismiss, ECF No. 18, is **DENIED AS MOOT**.

Dated: September 3, 2021             s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge