UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:20-cr-20491

v.                                          Honorable Thomas L. Ludington
                                                 United States District Judge

JUSTIN WILLIAM ZUBE,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

This matter is before this Court upon Defendant's Motion to Revoke Detention Order. ECF No. 29. On October 7, 2020, Defendant Justin William Zube was indicted for one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). ECF No. 1. After conducting a detention hearing, Magistrate Judge Elizabeth A. Stafford entered an order on October 22, 2020, requiring Defendant to remain detained until trial. ECF No. 9.

On September 14, 2021, Defendant filed a motion to revoke his detention order.[1] ECF No. 29. Defendant claims that officials at the Isabella County Jail, where he is currently housed, have denied him proper medical attention for various conditions, including migraines, high blood pressure, and bones spurs and spina bifida. *Id.* at PageID.81.

---

[1] Defendant's Motion is entitled "Motion to Reconsider the Order of Detention." *See* ECF No. 29 at PageID.80. In this district, "reconsideration" is a term typically reserved for when a party asks the judicial officer who entered an adverse order or judgment to reconsider her decision. *See* E.D. Mich. L.R. 7.1(h). Instead, Defendant asks this Court to review and revoke the detention order entered by another judicial officer: Judge Stafford. Accordingly, this Court construes Defendant's Motion as a motion to revoke a detention order under 18 U.S.C. § 3145.

During the pretrial conference the next day, Defendant again expressed his concern that the Isabella County Jail was ignoring his medical needs. This Court informed Defendant that it would ask the United States Marshals Service to investigate the circumstances of his treatment.

On October 5, 2021, this Court received an email from United States Marshal Daniel Gonzalez, who stated that he had spoken with Sergeant Thordoroff and Lieutenant Welch at the Isabella County Jail regarding Defendant's allegations. According to Marshal Gonzalez, the two officers reported that Defendant had "never been denied medical treatment when he . . . requested or needed it." Marshal Gonzalez also furnished some of Defendant's medical records, which seem to indicate that medical providers treated Defendant for various complaints in September and October 2021.[2]

In the federal system, 18 U.S.C. § 3142 governs pretrial release and provides that "a person charged with an offense should be released before trial so long as the court can be reasonably assured that the person will appear at their next court date and will not pose a danger to others." *United States v. Nero*, 854 F. App'x 14, 16 (6th Cir. 2021). To make that determination, the court must conduct a detention hearing and consider several statutory factors. *See* 18 U.S.C. § 3142(f)–(g). "If, after a hearing . . . , the [court] finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the court] shall order the detention of the person before trial." *Id.* § 3142(e)(1).

A person who a magistrate orders to be detained "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." *Id.* § 3145(b). "A district court reviews a magistrate judge's detention order de novo and must make an

---

[2] Marshal Gonzalez's email and documents were forwarded to defense counsel the same day.

independent determination of the proper pretrial detention or conditions for release." *United States v. Gage*, 462 F. Supp. 3d 822, 824 (N.D. Ohio 2020) (internal quotation marks omitted).

Defendant's only basis for revoking the detention order is his alleged mistreatment by Isabella County officials.[3] *See* ECF No. 29 at PageID.81. But Defendant has not provided any evidence substantiating his allegations, and the information furnished by Marshal Rodriguez tends to undermine his claim. Further, upon reviewing the detention-hearing record, this Court agrees with Judge Stafford that "no condition or combination of conditions of release [would] reasonably assure the safety of any other person and the community." ECF No. 9 at PageID.16–17.

Having carefully considered the detention-hearing record, Defendant's statements during the pretrial conference, and the information furnished by Marshal Gonzalez, this Court will deny Defendant's Motion to Revoke Detention.

Accordingly, it is **ORDERED** that Defendant's Motion to Revoke Detention Order, ECF No. 29, is **DENIED**.

Dated: October 20, 2021                                     s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

---

[3] Defendant cursorily mentions other reasons—like the lack of access to the law library—but he does not explain how they weigh in favor of pretrial release. *See* ECF No. 29 at PageID.81.