UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

United States of America,

       Plaintiff,

                               Case No. 20-cr-20491

v.

                               Hon. Thomas L. Ludington

Justin William Zube,

       Defendant.

_____

## GOVERNMENT'S MOTION *IN LIMINE*
_____

The United States, by and through its attorneys undersigned, for the reasons set forth below, respectfully moves this Court for an Order (1) prohibiting defendant, his counsel, and any defense witnesses from asking any question, introducing any evidence, or making any statement regarding the following improper, inadmissible, and/or overly prejudicial matters while the jury is present:

A. Age of Consent;

B. Undisclosed Defense Exhibits;

C. References to Potential Punishment or Defendant's Personal Background, Health or Family;

D. Exculpatory Hearsay;

1

E.  Plea Negotiations;

F.  Polygraph;

G.  Impeachment of Witnesses through Others' Reports ;

H.  Expert Opinion;

and (2) allowing the United States to admit a sampling of the child pornography

found to have been in defendant's possession into evidence and to publish those

images to the jury in a way that they are not viewable to members of the public

who attend the trial.

### (1)     Improper, Inadmissible, and/or Overly Prejudicial Matters

**A.     Age of Consent**: The United States request that this Court preclude

defendant, his counsel, and all defense witnesses from using testimony, remarks,

tangible evidence, exhibits, questions, or arguments which relate, either directly or

indirectly, to any alleged age of consent contrary to existing U.S. law. The

appropriate age considerations for this case, based on the charged offenses in the

Indictment, are identified by U.S. law; under 18 U.S.C. § 2252A, the relevant age

is 18. ECF No. 1, PageID.1. Mention of any of defendant's opinions, foreign or

other non-applicable age of consent is wholly irrelevant, would be a misstatement

of the applicable law, would be contrary to the anticipated jury instructions, and

would serve no function but to mislead the jury, confuse the issues, and waste this

Court's time. As such, no reference to any alleged age of consent contrary to the ages established by Congress for the charged offenses should be made while the jury is present.

**B.** **Undisclosed Defense Exhibits**: The United States request that this Court preclude defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding defense exhibits that have not been supplied to the United States prior to trial. Federal Rule of Criminal Procedure 16 requires defendant to provide reciprocal discovery to the government. To date, defense has not provided any reciprocal discovery.

**C.** **References to Potential Punishment or Defendant's Personal Background:** The United States request that this Court preclude defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, suggestion, or allusion to, or asking any questions regarding potential penalties that defendant faces if convicted. Information about penalties draws the attention of the jury away from their chief function as the sole judge of the facts, opens the door to compromised verdicts, and confuses the issues to be decided. *See e.g., Shannon v. United States,* 114 S. Ct. 2419, 2424 (1994); *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999); *United States v. Johnson*, 62 F.3d

3

849, 850 (6th Cir. 1995). In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against defendant beyond a reasonable doubt. *See* 6th Cir. Crim. Jury Instr. §8.5. Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for defendant and prejudiced against the United States. *See* 6th Cir. Jury Inst. §1.02. Because both the Pattern Jury Instructions and the Sixth Circuit case law uphold this instruction, the defense should be prohibited from suggesting punishment to the jury, at any time.

Similarly, this Court should preclude defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding defendant's current age, family circumstances, finances, or other non-pertinent aspects of defendant's personal background, such as being the victim of an alleged sexual assault while he was in the military. This Court should also act to preclude defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the defendant's or his family members' current physical or mental health, including, without limitation, current diseases, traumas, illnesses, attacks, and non-pertinent medical or psychological conditions. This information is irrelevant, would be highly prejudicial, and is not a proper concern for the jury. Such

4

evidence could improperly arouse the sympathy of the jury, and it should be

excluded under the Federal Rules of Evidence 401, 402, and 403. To that end, the

United States expressly requests that defendant and his counsel be precluded from

resorting to a common, yet objectionable, defense tactic of "introducing" defendant

to the jury through opening statements, the use of exhibits (e.g., family

photographs), testimony, or other references regarding defendant's age, health,

family circumstances, finances, or other non-pertinent aspects of defendant's

personal background. Rule 401 defines "relevant evidence" as "evidence having

any tendency to make the existence of any fact that is consequence to the

determination of the action more probable or less probable than it would be

without the evidence." Rule 402 states the evidence "which is not relevant is not

admissible." Testimony about defendant's age, family, finances, health, or personal

background are of no consequence to the determination of any essential facts in

this case, and are thus irrelevant.

    **D.**    **Exculpatory Hearsay**: The United States request that this Court

preclude defendant and his counsel from, while the jury is present, introducing any

evidence, making any statement, or asking any questions that include or could be

reasonably expected to elicit defendant's purportedly exculpatory hearsay.

Defendant here made a couple of potentially self-serving statements to law

enforcement. A defendant's inculpatory statements, when offered by the government, are admissible as admissions of a party opponent. *See* Fed. R. Evid. 801(d)(2). However, the defendant's out-of-court statements constitute inadmissible hearsay if offered by the defense. *See* Fed. R. Evid. 801(c). A defendant's exculpatory statements are inadmissible hearsay, even if made contemporaneously with other self-inculpatory statements. *See Williamson v. United States*, 512 U.S. 594, 599 (1994) (finding "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts"). Defendant cannot introduce his own statements through his own testimony or the testimony of other witnesses. *See United States v. Holden*, 558 F.3d 698, 706 (6th Cir. 2009).

Examples of defendants attempting to slip in favorable evidence through a "back door" abound. For example, defense counsels have referenced them in opening statements or defendants have sought to cross-examine the government's witnesses about self-serving, exculpatory portions of otherwise inculpatory statements. However, when offered by the defendant, such statements are classic, self-serving inadmissible hearsay. It is well accepted that a party's own statement is admissible as non-hearsay only if it is offered against that party. *Stalbosky v. Belew*, 205 F.3d 890, 94 (6th Cir.2000). Defendants have also attempted to invoke

6

the "Rule of Completeness" codified in Fed. R. of Evid. 106 into order to

"humanize" themselves, invite sympathy, and admit hearsay testimony through the

"back door" without subjecting themselves to cross-examination. The United

States files this motion to alert the Court to this possible issue, and to the

controlling cases that uniformly hold that a defendant's own non-inculpatory

statements are inadmissible hearsay that he may not introduce at trial through

either the "back door" of cross-examination or invocation of Fed. R. of Evid. 106.

Even if the government decides to introduce certain of the defendant's out-of-court

statements, such introduction still does not open the door for the defendant to

himself introduce other statements he made—either through his own testimony or

through the examination of other witnesses. *See United States v. McDaniel*, 398

F.3d 540, 545 (6th Cir. 2005) ("Rule 801(d)(2), however, does not extend to a

party's attempt to introduce his or her own statements through the testimony of

other witnesses.") (internal citations omitted and emphasis in original); *United

States v. Gallagher*, 57 F. App'x 622, 628-29 (6th Cir. 2003) ("The trial court

properly concluded that the admitted part of Gallagher's statement—his admissions

that he was a felon, knew that he was not to possess a firearm, and that his female

companion had nothing to do with the crime—did not require appellant's additional

self-serving exculpatory comments for completeness. . . . As this circuit has

7

observed, 'the completeness doctrine embodied in Rule 106 should not be used to make something admissible that would otherwise be excluded.'") (internal citations omitted).

### E.   Plea Negotiations

This Court should act to preclude defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place. Such matters would be highly prejudicial and are not proper concerns for the jury. *See* Fed. R. Evid. 401, 402 and 403; *see also* Fed. R. Evid. 410.

### F.   Polygraph

This Court should act to preclude defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding any polygraph examination or results. The Sixth Circuit has noted that polygraph results "are inherently unreliable." *United States v. Scarborough*, 43 F.3d 1021 (6th Cir. 1994) (holding that such results are inadmissible and refusing to allow a defendant to cross-examine a government witness about the results of a polygraph test); *see also Wolfel v. Holbrook*, 823 F.2d 970, 972 (6th Cir. 1987) ("Generally, in the absence of an agreement and/or

8

stipulation between the parties to the contrary, results of polygraph examinations are inadmissible into evidence."). There is no agreement or stipulation between the parties in this matter regarding any of the polygraph examinations conducted on defendant. Additionally, with regard to the Rule 403 analysis, the Sixth Circuit has observed that the "use of a polygraph solely to bolster a witness's credibility is highly prejudicial, especially where credibility issues are central to the verdict." *United States v. Hollie*, 198 F.3d 248 (6th Cir. 1999) (affirming district court's exclusion of polygraph evidence over defendant's objection).

Accordingly, this Court should preclude any reference to polygraphs in this matter. *United States v. Blakeney*, 942 F.2d 1001, 1014 (6th Cir. 1991) (affirming district court's grant of government's *in limine* "to prevent any mention of either the test, the test results or the polygraph in any manner whatsoever."); *see also United States v. Fife,* 573 F.2d 369 (6th Cir.1976) (rejecting defendant's contention that the district court abused its discretion in excluding evidence that he submitted to a polygraph test).

### G.    Impeachment of Witnesses Through Others' Reports

There are several reasons defense counsel cannot use one officer or agent's report or statement to impeach another who testifies at trial. First, the Sixth Circuit has held that "it would be grossly unfair to allow the defense to use a statement to

impeach a witness which could not fairly be said to be the witness' own rather than a product of the investigator's selections, interpretations, and interpolations." *United States v. Carroll*, 26 F.3d 1380, 1391 (6th Cir. 1994). To permit cross-examination of agent witnesses using another's report or statement would be unfair, and not "impeachment." Each report is that agent's own prior statement, and not the statement of other agent witnesses.

Second, an agent's report or statement would be hearsay when presented to another witness. The Federal Rules of Evidence define a "statement" as "an oral or written assertion" (or nonverbal conduct intended as an assertion). Fed. R. Evid. 801(a). A "declarant" is a person who makes a statement. Fed. R. Evid. 801(b). A statement other than one made by the declarant at the trial, offered to prove the truth of the matter asserted, is "hearsay." Fed. R. Evid. 801(c). Subject to enumerated exceptions, hearsay evidence is inadmissible. Fed. R. Evid. 802.

Third, Federal Rule of Evidence 613 deals with impeachment of a witness by reference to a prior statement by that witness. Rule 613 requires that the statement in question be "a prior statement made by the witness[.]" Fed. R. Evid. 613(a). Under Rule 613, a witness can only be impeached by reference to his own prior statement, and not a prior statement made by another. *United States v. Valentine*, 70 Fed. Appx.

314, 323 (6th Cir. 2003) (unpublished) (*abrogated on other grounds*, *United States v. Camcacho-Arellano*, 614 F.3d 244 (6th Cir. 2010).

### H.    Expert Opinion

The government intends to have a witness testify to computer/cellphone forensics. Defendant may or may not also has a witness testifying to computer forensics. As the Court is aware, "the court should not, in the presence of the jury, declare that a witness is qualified as an expert or to render an expert opinion, and counsel should not ask the court to do so." *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007). "Instead, the proponent of the witness should pose qualifying and foundational questions and proceed to elicit opinion testimony. If the opponent objects, the court should rule on the objection, allowing the objector to pose voir dire questions to the witness's qualifications if necessary and requested." *Id*.

In *Johnson*, the Sixth Circuit quoted approvingly from *Berry v. McDermid Transp., Inc*., 2005 WL 2147946, at *4 (S.D.Ind. Aug.1, 2005), which stated that "counsel for both parties should know before trial that the court does not 'certify' or declare witnesses to be 'experts' when 'tendered' as such at trial. Instead, if there is an objection to an offered opinion, the court will consider the objection. The court's jury instructions will refer to 'opinion witnesses' rather than 'expert witnesses.'" The government's proposed jury instructions will reflect this.

**(2)    Admitting and Showing Child Pornography**

The United States request that this Court allow the United States to admit a sampling of the child pornography relevant to the charges against defendant into evidence and to publish those images/videos to the jury in a manner that ensures that they are not viewable by the public. Because defendant's criminal activity involves possessing images of child pornography, such evidence is highly probative, not overly prejudicial, and should be admitted and published to the jury. However, because the children depicted in those images would be revictimized every time an image depicting their abuse is viewed, this Court should allow the United States to display the child pornography in a way that it is not viewable by members of the public.

Accordingly, the United States respectfully moves this Court to (1) preclude defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the matters set forth in subsections A-H above and (2) allowing the United States to admit and publish a sampling of the child pornography found to have been in defendant's possession, as set forth above.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

12

Dated: November 26, 2021          s/Anca I. Pop
                                  Assistant U.S. Attorney
                                  101 First Street, Suite 200
                                  Bay City, MI    48708-5747
                                  Telephone Number: (989) 895-5712
                                  E-mail:    anca.pop@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2021, the foregoing document was electronically filed by United States Attorney's Office with the Clerk of the Court using the ECF system which will send notice to all counsel of record.

                                  s/Anca I. Pop
                                  Assistant U.S. Attorney

13