UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                           Case No. 1:20-cr-20491

v.                                       Honorable Thomas L. Ludington
                                              United States District Judge

JUSTIN WILLIAM ZUBE,

                    Defendant.

_____/

**OPINION AND ORDER GRANTING AND DENYING IN PART THE
GOVERNMENT'S MOTION IN LIMINE**

This matter is before this Court upon the Government's Motion in Limine. ECF No. 38.

For the reason stated hereafter, the motion will be granted and denied in part.

**I.**

In October 2020. Defendant Justin William Zube was indicted on one count of possession

of and accessing with intent to view child pornography, 18 U.S.C. § 2252A(a)(5)(B). ECF No. 1.

After several COVID-related adjournments, Defendant now has a firm trial date of March 23,

2022. ECF No. 46.

In November 2021, the Government filed an omnibus motion in limine addressing nine

evidentiary matters, ranging from the admissibility of exculpatory hearsay to the procedure for

qualifying expert witnesses. ECF No. 38 at PageID.102–03. Defendant has not filed a response.

**II.**

**A.**

Despite addressing nine different evidentiary matters, the Government's motion does not

include any discussion of the relevant facts or anticipated proofs. This lack of detail undermines

the Government's motion, as any ruling on a motion in limine is ultimately limited by the facts

presented to the court. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) ("A ruling on a

motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the

discretion of the district court."). Nonetheless, in the interest of efficiency, each of the nine matters

will be addressed in turn below. Defendant may seek reconsideration of any of these matters at

trial. *See id.* ("[A] district court may change its ruling on a motion in limine where sufficient facts

have developed to warrant the change.").

**i.**

First, the Government seeks to exclude any evidence of age-of-consent laws that are

contrary to existing federal law. ECF No. 38 at PageID.103. The Government argues that such

evidence would be irrelevant and might mislead the jury. *Id.*

The threshold question for the admissibility of evidence is relevance. FED. R. EVID. 402.

Evidence is relevant if it has "*any* tendency to make the existence of any fact that is of consequence

to the determination of the action more probable or less probable than it would be without the

evidence' is relevant." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998) (quoting FED. R.

EVID. 401). Relevant evidence may be excluded when "its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

FED. R. EVID. 403.

Age-of-consent laws that are contrary to existing federal law are irrelevant in this case. Part

of the Government's burden at trial will be to prove that Defendant knowingly possessed

depictions of people he knew were minors. *See United States v. Szymanski*, 631 F.3d 794, 799 (6th

Cir. 2011). But whether Defendant knew that those people were minors is unrelated to whether they could consent to sex in some place other than the United States.

Accordingly, the parties will be prohibited from introducing any evidence regarding age-of-consent laws contrary to existing federal law.

**ii.**

Second, the Government seeks to exclude any evidence not disclosed to the Government under Federal Rule of Criminal Procedure 16. ECF No. 38 at PageID.104. Rule 16 requires the reciprocal disclosure of evidence before trial. *See* FED. R. CRIM. P. 16. As a sanction under Rule 16, a court may prohibit a party from introducing undisclosed evidence at trial. FED. R. CRIM. P. 16(d)(2).

The Government states that, "[t]o date, [Defendant] has not provided any reciprocal discovery." ECF No. 38 at PageID.104. Still, under Rule 16, a court may only apply the "least severe sanction necessary," which requires a case-by-case analysis. *United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006) (outlining factors court must consider before suppressing undisclosed evidence). Accordingly, this Court declines to make any preliminary ruling on the admissibility of undisclosed evidence. The Government may renew its motion at trial if Defendant attempts to introduce such evidence.

**iii.**

Third, the Government seeks to exclude evidence regarding (1) Defendant's potential penalty and (2) Defendant's personal background, including his family circumstances and the allegation that he was sexually assaulted while in the military. ECF No. 38 at PageID.104–06. The Government argues that such evidence is irrelevant and would invite the jury to base its decision on its sympathy for Defendant rather than the facts. *Id.*

The Government's argument is persuasive. Evidence regarding Defendant's potential penalties and personal background seems both irrelevant and prejudicial. *See, e.g.*, *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) (affirming trial court's decision to exclude testimony on defendant's potential penalties). Of course, Defendant may offer evidence of his character to the extent that it is pertinent. FED. R. EVID. 404(a)(2). But at this juncture, Defendant does not seem intent on introducing a character defense.

Accordingly, Defendant may not introduce any evidence of his potential penalties or personal background.

**iv.**

Fourth, the Government seeks to prohibit Defendant from introducing his out-of-court statements through the testimony of other witnesses. ECF No. 38 at PageID.106–08. The Government claims that during its investigation Defendant "made a couple of potentially self-serving statements to law enforcement." *Id.* According to the Government, Defendant cannot introduce these statements through the testimony of other witnesses. *Id.*

The Government is correct. "Hearsay is an out-of-court statement 'offered in evidence to prove the truth of the matter asserted.'" *United States v. Boyd*, 640 F.3d 657, 663 (6th Cir. 2011) (quoting FED. R. EVID. 801(c)). Although the Government may introduce Defendant's out-of-court statements through the testimony of other witnesses, *see* FED. R. EVID. 801(d)(2), Defendant may not, *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (noting that a contrary rule would create "an end-run around the adversarial process").

Accordingly, Defendant will be prohibited from introducing any evidence of his own out-of-court statements through other witnesses.

**v.**

Fifth, the Government seeks to exclude evidence of any statement made during plea negotiations. ECF No. 38 at PageID.109. The Government argues that any such statement would be irrelevant and highly prejudicial. *Id.*

The Government's request is premature. It is unclear whether Defendant intends to introduce any statements made during plea negotiations or what his purpose for doing so would be. *See United States v. Aguwa*, 123 F.3d 418, 420 (6th Cir. 1997) (noting that Rule 403 "necessarily entails a case-by-case examination"). And though the Government cites Rule 410 as supporting the exclusion of such statements, that Rule prohibits the introduction of such statements only "*against* the defendant." FED. R. EVID. 410(a) (emphasis added). Rule 410 does not address a defendant's ability to introduce evidence of his own plea discussions. *See* CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, 2 FEDERAL EVIDENCE § 4:71 (4th ed. 2021) (noting that Rule 410 "says nothing about pleas and statements offered by the defendant" but acknowledging some "strong arguments" in favor of exclusion).

The Government may renew its motion if Defendant attempts to introduce evidence of a statement made during plea negotiations.

**vi.**

Sixth, the Government seeks to exclude evidence regarding any polygraph examination conducted as part of this case, arguing that they "are inherently unreliable." ECF No. 38 at PageID.109–10 (quoting *United States v. Scarborough*, 43 F.3d 1021, 1026 (6th Cir. 1994)).

As the Government notes, "the results of polygraph examinations are [generally] inadmissible." *United States v. Gardiner*, 463 F.3d 445, 469 (6th Cir. 2006) (quoting *United States v. Barger*, 931 F.2d 359, 370 (6th Cir. 1991)). Although some of Defendant's polygraph results

might be favorable to him, due to the serious reliability concerns, this Court will exclude any such evidence unless Defendant makes a compelling showing of probative value. *Cf. United States v. Thomas*, 167 F.3d 299, 308 (6th Cir. 1999) (noting that the Sixth Circuit "has never adopted a *per se* prohibition on the introduction of polygraph evidence").

**vii.**

Seventh, the Government seeks to prohibit Defendant from cross-examining any law-enforcement officer with the written report of another officer. ECF No. 38 at PageID.110. The Government relies primarily on Rule 613, which allows parties to cross-examine a witness with "the *witness's* prior statement." FED. R. EVID. 613(a) (emphasis added); *see* ECF No. 38 at PageID.111–12. The Government reasons that because one officer's report is not the "prior statement" of another officer, Defendant cannot impeach an officer with a report that she did not prepare. ECF No. 38 at PageID.111–12.

Like its request to exclude evidence of plea negotiations, the Government's request here is premature. The Government has not identified whom it intends to call at trial or which police reports might be at issue. This information is crucial because, regardless of Rule 613, Defendant has a common-law right to impeach witnesses by "specific contradiction." *United States v. Craig*, 953 F.3d 898, 904 (6th Cir. 2020). Under the doctrine of impeachment by specific contradiction, a party may admit "extrinsic evidence that specific testimony is false, because [it] is contradicted by other evidence." *Id.* (quoting *United States v. Kincaid-Chauncey*, 556 F.3d 923, 932 (9th Cir. 2009)). Notably, the Sixth Circuit limits this doctrine to impeachment on "non-collateral matters," so "the fact to be contradicted must be material." *Id.* (quoting *Kincaid-Chauncey*, 556 F.3d at 932).

At this juncture, it is unknown whether Defendant intends to specifically contradict any testimony, rendering any ruling on the issue purely academic. For this reason, the Government's

request will be denied. The Government may renew its motion at trial if Defendant attempts to cross-examine an officer with another officer's report.

**viii.**

Eighth, the Government seeks to prohibit this Court from declaring in the presence of the jury that a witness is "qualified as an expert or to render an expert opinion." ECF No. 38 at PageID.112 (quoting *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007)). In *Johnson*, the Sixth Circuit noted that "[w]hen a court certifies that a witness is an expert, it lends a note of approval to the witness that inordinately enhances the witness's stature and detracts from the court's neutrality." *Johnson*, 488 F.3d at 697. For that reason, the Sixth Circuit warned district courts against "declaring that a witness is qualified" in the presence of the jury, except where necessary to rule on an objection. *Id.* at 697–98. "Instead, the proponent of the witness should pose qualifying and foundational questions and proceed to elicit opinion testimony. If the opponent objects, the court should rule on the objection, allowing the objector to pose *voir dire* questions to the witness's qualifications if necessary and requested." *Id.* at 698.

This Court is mindful of *Johnson* and the effect that judicial pronouncements can have on the jury. To the extent practicable, this Court will avoid ruling or otherwise remarking on any witness's expert qualifications in the presence of the jury.

**ix.**

Ninth and finally, the Government seeks to admit "a sampling of the child pornography relevant to the charges against [D]efendant . . . and to publish those images/videos to the jury in a manner that ensures that they are not [visible to] the public." ECF No. 38 at PageID.113.

The Government's request will be granted. It is well settled that, in child-pornography cases, the Government may introduce some of the offending images into evidence, even if the

defendant offers to stipulate that the images are child pornography. *See United States v. Mellies*, 329 F. App'x 592, 599 (6th Cir. 2009) ("Even in the sensitive arena of child pornography cases, a defendant's offer to stipulate does not deprive the government of its right to reject the offer and present its evidence, particularly because the government bears the burden of proving the accused guilty beyond a reasonable doubt."); *United States v. Caldwell*, 181 F.3d 104 (6th Cir. 1999) (unpublished table decision) (affirming district court's admission of child pornography into evidence despite defendant's stipulation).

As for the publication of the images, this Court will follow its standard practice and publish any alleged child pornography through a medium not accessible to the public.

## III.

Accordingly, it is **ORDERED** that the Government's Motion in Limine, ECF No. 38, is **GRANTED AND DENIED IN PART**. The Government's Motion is **GRANTED** with respect to the request to admit a sampling of alleged child pornography and to exclude evidence of (1) age of consent laws contrary to existing U.S. law, (2) Defendant's potential penalties, (3) Defendant's personal background, (4) Defendant's exculpatory hearsay, and (5) Defendant's polygraph examinations. The Government's Motion is **DENIED WITHOUT PREJUDICE** in all other respects. Defendant may seek reconsideration of any issue decided in this Opinion and Order at trial. *See United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

Dated: March 3, 2022                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge