**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

---

**UNITED STATES OF AMERICA,**          **Case No. 20-cr-20491**

      Plaintiff,          **U.S. District Judge: Thomas L. Ludington**
-vs-          **Magistrate Patricia T. Morris**

**JUSTIN WILLIAM ZUBE,**

      Defendant.

---

WILLIAM J. VAILLIENCOURT          ANN NEE
Assistant United States Attorney          Assistant United States Attorney
101 First Street, Suite 200          600 Church Street, Suite 210
Bay City, Michigan 48708-5747          Flint, Michigan 48502
Telephone: 989-895-5790          Telephone: (810) 766-5032
william.vailliencourt@usdoj.gov          ann.nee@usdoj.gov

JEFFREY J. RUPP (P61749)
Attorney for Justin W. Zube
1107 Gratiot Avenue
Saginaw, Michigan 48602
jrupp@brisbois-attys.com

---

## DEFENDANT'S SENTENCING MEMORANDUM

*It's no surprise to me, I am my own worst enemy*
*'Cause every now and then, I kick the living s\*\*\* out of me.*

Lit- My Own Worst Enemy

Mr. Zube is before this Court for sentencing just a few months before his 35th birthday.

He has already spent more than half his life in and out of jails and prison as a result of criminal

behavior.   He is once again looking at imprisonment, and this time around it is for a significant

period of time.   Despite his past indiscretions, he still has a support system.   He lives with his

father.   His father stayed in contact with counsel throughout the proceedings and attended trial

when he was physically able.   Despite the nature of the charges, his ex-girlfriend, who testified

for the government about her involvement in a prior state investigation and conviction, remains

supportive.   That said, there is no question that he is in fact his own worst enemy.

This is an opinion held by counsel throughout representation in these proceedings.   It is

further cemented during the pre-sentence investigation.   A number of things disclosed during

Mr. Zube's interview.   He suffers an abusive childhood.   One that includes his mother and her

boyfriends strangling him, forcing him to eat to the point of sickness, forcing him to eat dog

feces, lighting things on fire and burning his skin, and ripping his earlobe.   He is also a victim of

sexual assault by neighbors who babysit him, and one of his mother's boyfriends.   As is all too

common, the victim becomes the abuser and he assaults his brother.   This is his first contact

with the justice system, at age 14.

His delinquency results in placement at a juvenile facility.   While he is there, he is

diagnosed by counselors with oppositional defiance disorder, borderline personality disorder, and

depression.   By this point he has already been in counseling for depression from age six to 14.

Looking forward to his adulthood, 2011 he again seeks counseling because he is experiencing

suicidal ideation.   He follows up with this through 2018.

Counsel regrets not having this information much earlier in the case.   It almost certainly

would have guided the approach to the attorney/client relationship in this matter.   To say the

relationship is strained would be putting it mildly.   A diagnosis of oppositional defiance disorder

explains many of the obstacles that were encountered.   Unfortunately, almost the entirety of

communications, both direct and written, focus on issues without legal merit.   No matter how

many times concepts are explained, no matter how much legal precedent to the contrary is

presented, Mr. Zube refuses to accept the advice of counsel.   Instead of working to mitigate

penalties, he chooses to go through trial with no viable defense to argue.   Because, once again,

he is his own worst enemy.

The bitter irony is that he acknowledges the wrongfulness of his acts.   In his own words,

"Only a crazy person would go back and do this again."   Unfortunately, this is said to counsel

just moments before jury selection begins.   Far too late to impact the trajectory of the case.   If

he is not oppositional and defiant up until that point, things could be very different.   If counsel

knows about the diagnosis earlier, mental health professionals could be enlisted to help with

resolution.   Taking responsibility for his actions could reduce the low-end of the guideline range

by more than three years.   But Mr. Zube is his own worst enemy.

The fact that his father and ex-girlfriend, the mother of his children, still support him

through all of this demonstrates that he is not all bad.   There is still hope for rehabilitation.   A

sentence at the bottom end of the guideline range will be sufficient to address his needs as well

as the other statutory sentencing factors, without being excessive.   The defense respectfully

requests that the Court impose the same.


Dated July 28, 2022                                    Respectfully submitted,


                                                       s/Jeffrey J. Rupp_____
                                                       JEFFREY J. RUPP (P61749)
                                                       Attorney for Justin W. Zube
                                                       1107 Gratiot Avenue
                                                       Saginaw, Michigan 48602
                                                       jrupp@brisbois-attys.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Amy M. Rappley, Legal Assistant to Brisbois, Brisbois & Rupp, PLLC, hereby certifies that on July 28, 2022, the foregoing document, Defendant's Sentencing Memorandum, was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

WILLIAM J. VAILLIENCOURT, Assistant United States Attorney

ANN NEE, Assistant United States Attorney

I further certify that I have mailed by United States Postal Service the foregoing document to the following:

NONE.