```
 1                IN THE UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
 2
   UNITED STATES OF AMERICA           )  Bay City, Michigan
 3                                     )  August  4, 2022
         vs.                          )  3:09 p.m.
 4                                     )
   JUSTIN WILLIAM ZUBE,               )
 5                                     )  Case No. 20-20491
         Defendant.                   )
 6 _____)

 7
                    TRANSCRIPT OF SENTENCING
 8          BEFORE THE HONORABLE THOMAS L. LUDINGTON
                   UNITED STATES DISTRICT JUDGE
 9
   APPEARANCES:
10
   For the Government:  WILLIAM J. VAILLIENCOURT
11                      ANN NEE
                        United States Attorney
12                      Eastern District of Michigan
                        101 First Street
13                      Suite 200
                        Bay City, MI 48708
14
   For the Defendant:   JEFFREY J. RUPP
15                      Brisbois, Brisbois & Rupp, PLLC
                        1107 Gratiot Avenue
16                      Saginaw, MI  48602

17

18

19

20

21
   Court Reporter:      Carol M. Harrison, RMR, FCRR
22                      1000 Washington Avenue
                        Bay City, MI  48708
23
              Proceedings reported by stenotype reporter.
24         Transcript produced by Computer-Aided Transcription.

25
```

|          |    |                                                                    |
|----------|----|--------------------------------------------------------------------|
|          | 1  | P R O C E E D I N G S                                              |
|          | 2  | (At 3:09 p.m., proceedings commenced.)                             |
| 15:09:33 | 3  | (Defendant present.)                                               |
| 15:09:47 | 4  | **THE CLERK:**  United States of America versus Justin             |
| 15:09:48 | 5  | Zube, Case No. 20-20491.                                           |
| 15:09:52 | 6  | **THE COURT:**  Good afternoon, counsel.  If we could             |
| 15:09:54 | 7  | have -- if we could have your introductions, please.              |
| 15:09:55 | 8  | **MR. VAILLIENCOURT:**  Good afternoon, Your Honor.  May          |
| 15:09:56 | 9  | it please the Court, William Vailliencourt appearing on behalf     |
| 15:09:59 | 10 | of the United States, and with me is Ann Nee, Assistant United     |
| 15:10:01 | 11 | States Attorney also representing the United States.               |
| 15:10:04 | 12 | **THE COURT:**  Good afternoon.                                    |
| 15:10:06 | 13 | **MR. RUPP:**  Good afternoon, Your Honor.  Jeffrey Rupp          |
| 15:10:07 | 14 | on behalf of Mr. Zube, who is present with me.                     |
| 15:10:10 | 15 | **THE COURT:**  Good afternoon, Mr. Rupp.  Good                   |
| 15:10:11 | 16 | afternoon, Mr. Zube.                                               |
| 15:10:13 | 17 | **THE DEFENDANT:**  Yes, sir.                                      |
| 15:10:14 | 18 | **THE COURT:**  We are assembled for Mr. Zube's                   |
| 15:10:16 | 19 | sentencing hearing.  Review of the gentleman's court records      |
| 15:10:20 | 20 | reflect the fact that a jury convicted him April the 11th of       |
| 15:10:26 | 21 | Count One of the first superceding indictment that charged him     |
| 15:10:30 | 22 | with the offense of possession of and accessing with the intent    |
| 15:10:33 | 23 | to view child pornography involving a prepubescent minor or        |
| 15:10:38 | 24 | minor who had not attained the age of 12 years of age.             |
| 15:10:41 | 25 | It is a Class C felony under federal law.  It is                   |

| | | |
|---|---|---|
| 15:10:45 | 1 | punishable by a minimum term of 10 years in custody and up to |
| 15:10:49 | 2 | 20 years in custody.  Following the term of custody, the Court |
| 15:10:53 | 3 | is obligated to impose a supervised release term of not fewer |
| 15:10:57 | 4 | than five years and up to lifetime supervised release.  The |
| 15:11:02 | 5 | Court is also accorded by statute the authority to impose a |
| 15:11:06 | 6 | fine of up to $250,000. |
| 15:11:10 | 7 | After the trial was completed, Mr. Zube was |
| 15:11:16 | 8 | ultimately interviewed by Probation Officer Teeples, who does |
| 15:11:20 | 9 | join us here this afternoon.  Good afternoon, ma'am. |
| 15:11:22 | 10 | **MS. TEEPLES:**  Good afternoon.  Thank you. |
| 15:11:25 | 11 | **THE COURT:**  She, in turn, prepared a presentence |
| 15:11:27 | 12 | investigation report in June and circulated it for review. |
| 15:11:32 | 13 | Mr. Rupp, have you had a chance to review the presentence |
| 15:11:34 | 14 | report and the opportunity to review it with Mr. Zube? |
| 15:11:39 | 15 | **MR. RUPP:**  I have, Your Honor. |
| 15:11:41 | 16 | **THE COURT:**  Any additions or corrections to the |
| 15:11:45 | 17 | report?  I note that there were a number of -- indeed three |
| 15:11:49 | 18 | objections that were made.  In response, I believe Ms. Teeples |
| 15:11:54 | 19 | was able to locate the original conviction papers that I |
| 15:11:59 | 20 | thought addressed the issues fairly squarely.  Your floor. |
| 15:12:03 | 21 | **MR. RUPP:**  Judge, I received Ms. Teeples' response |
| 15:12:06 | 22 | including the supporting paperwork.  I don't have any further |
| 15:12:10 | 23 | support for our objection.  In speaking with Mr. Zube this |
| 15:12:14 | 24 | afternoon, he informs me that he had been in communication |
| 15:12:18 | 25 | recently with the attorney who represented him on the case in |

| 15:12:22 | 1 | Isabella County, at least in part that we were challenging, |
| 15:12:24 | 2 | because it was his belief and understanding that they'd |
| 15:12:29 | 3 | fashioned a sentence that would not trigger additional points |
| 15:12:31 | 4 | being scored in his criminal history here. |
| 15:12:34 | 5 | He had anticipated getting some information from that |
| 15:12:36 | 6 | attorney, but then that line is disconnected.  I should say the |
| 15:12:43 | 7 | communication did not continue, so I don't have any further |
| 15:12:47 | 8 | information to provide to the Court. |
| 15:12:48 | 9 | THE COURT:  Okay.  And do you know who the attorney |
| 15:12:51 | 10 | was? |
| 15:12:54 | 11 | THE DEFENDANT:  It was Chuck Moses out of Isabella |
| 15:12:55 | 12 | County.  He said he was going to mail me the paperwork, and I |
| 15:12:59 | 13 | haven't received it from him. |
| 15:13:00 | 14 | THE COURT:  Okay.  Well, without the paperwork, the |
| 15:13:06 | 15 | paperwork that we have supports the conclusion the probation |
| 15:13:11 | 16 | officer arrived at, correct? |
| 15:13:13 | 17 | MR. RUPP:  It does, Your Honor. |
| 15:13:20 | 18 | THE COURT:  And, accordingly, the presentence report |
| 15:13:22 | 19 | is accurate then, at least so far as we know today. |
| 15:13:26 | 20 | Were there any other additions or corrections, sir? |
| 15:13:30 | 21 | MR. RUPP:  Judge, besides the ones that we had |
| 15:13:32 | 22 | discussed in chambers, which it's my understanding that there |
| 15:13:35 | 23 | will be a supplemental draft to include those changes regarding |
| 15:13:39 | 24 | his personal history as a juvenile as well as his abuse as a |
| 15:13:44 | 25 | younger individual and his medical history, one thing I did |

| | |
|---|---|
| 15:13:50 | 1 |
| 15:13:54 | 2 |
| 15:13:58 | 3 |
| 15:14:00 | 4 |
| 15:14:03 | 5 |
| 15:14:07 | 6 |
| 15:14:11 | 7 |
| 15:14:17 | 8 |
| 15:14:18 | 9 |
| 15:14:21 | 10 |
| 15:14:26 | 11 |
| 15:14:30 | 12 |
| 15:14:33 | 13 |
| 15:14:45 | 14 |
| 15:14:47 | 15 |
| 15:14:50 | 16 |
| 15:14:51 | 17 |
| 15:14:53 | 18 |
| 15:15:00 | 19 |
| 15:15:03 | 20 |
| 15:15:07 | 21 |
| 15:15:11 | 22 |
| 15:15:15 | 23 |
| 15:15:17 | 24 |
| 15:15:21 | 25 |

1   neglect to mention while we were in chambers, but I do want to

2   put on the record, is with regard to paragraph 14 of the report

3   and similar lack is.

4            Referenced in paragraph 14 of the report it indicates

5   that when he was being investigated and interviewed by the

6   agent in this matter, that he admitted promoting quote unquote

7   young girls which he went on to specify were females under the

8   age of 18.

9            He denies making that statement or promoting anything

10  to do with girls that were under the age of 18; and, frankly,

11  my reading of the discovery materials is consistent with that,

12  that he fashioned himself as some kind of promoter but did not

13  give an indication that he was doing so for minors.

14       **THE COURT:**  Do you know the source of that

15  information as you sit here?  I recognize you're hearing about

16  it for the first time.

17       **MS. TEEPLES:**  I would have to double check the

18  discovery to determine where I received that from.

19       **THE COURT:**  And are you able, in a reasonably

20  efficient fashion, to be able to identify what you looked at in

21  order to come to the conclusion that the gentleman's

22  recommendation is accurate?

23       **MR. RUPP:**  To provide you a copy of it, no.  I did

24  not bring my full file, but I have a pretty clear recollection.

25  It's one of the case reports that after the agents initiated

| | | |
|---|---|---|
| 15:15:30 | 1 | the investigation, got their search warrant, seized his |
| 15:15:31 | 2 | devices, there was a fair bit of time between that and when he |
| 15:15:35 | 3 | was ultimately indicted and arrested. |
| 15:15:39 | 4 | During that time there were, I believe, multiple |
| 15:15:42 | 5 | occasions where my client either agreed or initiated a meeting |
| 15:15:47 | 6 | with the -- with the agent.  I believe at least on one of the |
| 15:15:51 | 7 | occasions they met at a McDonald's restaurant, and during that |
| 15:15:54 | 8 | interview he had indicated a willingness to work with the |
| 15:15:57 | 9 | Government in order to better his station.  And it was during |
| 15:16:02 | 10 | one of those interviews that he was describing to them what |
| 15:16:06 | 11 | he -- what kind of information or connections he could provide |
| 15:16:09 | 12 | to the Government based on his role or position as an |
| 15:16:14 | 13 | influencer or promoter. |
| 15:16:17 | 14 | THE COURT:  Okay. |
| 15:16:17 | 15 | MR. RUPP:  But, again, that he did not specify or say |
| 15:16:20 | 16 | that he did so with minors. |
| 15:16:25 | 17 | THE COURT:  We'll set that one objection to the side |
| 15:16:27 | 18 | for a moment. |
| 15:16:29 | 19 | Mr. Zube, you've had a chance to read the report? |
| 15:16:34 | 20 | THE DEFENDANT:  Me and Mr. Rupp went through it once, |
| 15:16:36 | 21 | yes. |
| 15:16:36 | 22 | THE COURT:  And with the exception of the objections |
| 15:16:41 | 23 | that he's noted, is there anything else about the report that |
| 15:16:44 | 24 | appeared inaccurate or incomplete? |
| 15:16:46 | 25 | THE DEFENDANT:  I had made a reference to Mr. Rupp |

| | | |
|---|---|---|
| 15:16:50 | 1 | about the listing of prior criminal history of things I was not |
| 15:16:55 | 2 | convicted of, certain things that I may have had dismissed or |
| 15:17:01 | 3 | beaten by trial, which there was things included that I took to |
| 15:17:04 | 4 | jury trial and was found not guilty of that are included in the |
| 15:17:08 | 5 | report as my prior criminal history, things that -- |
| 15:17:13 | 6 | THE COURT:  Well, but not your -- not your prior |
| 15:17:16 | 7 | criminal history in the sense of convictions? |
| 15:17:20 | 8 | THE DEFENDANT:  Right. |
| 15:17:20 | 9 | THE COURT:  They're required to identify any set of |
| 15:17:24 | 10 | circumstances where a case has been initiated, even if they are |
| 15:17:27 | 11 | ultimately dismissed and ultimately dismissed, for example, by |
| 15:17:31 | 12 | a jury.  They still need to be included. |
| 15:17:33 | 13 | THE DEFENDANT:  Okay.  May I make one clarification |
| 15:17:36 | 14 | on the Mr. Moses issue? |
| 15:17:38 | 15 | THE COURT:  Yes. |
| 15:17:39 | 16 | THE DEFENDANT:  He said he was going to send me |
| 15:17:41 | 17 | paperwork.  I contacted him.  After he -- when he represented |
| 15:17:45 | 18 | me, he had contacted Mr. Rupp and got clarification that under |
| 15:17:49 | 19 | 60 days would not affect me, which is why Isabella gave me the |
| 15:17:52 | 20 | deal of 59 days. |
| 15:17:54 | 21 | And that was similar to the failure to register with |
| 15:17:59 | 22 | Mr. Case out of Bay County when Ms. Ellis was working for me. |
| 15:18:02 | 23 | She told me that it was under 60 days, it wouldn't affect my |
| 15:18:05 | 24 | sentence overall, and then that's why I told Mr. Moses when he |
| 15:18:09 | 25 | represented me and then he contacted Mr. Rupp.  And he said |

| | | |
|---|---|---|
| 15:18:13 | 1 | that him and the prosecutor of Isabella had clarification, |
| 15:18:15 | 2 | which is why we agreed on the deal.  Otherwise, those two |
| 15:18:20 | 3 | charges I would not have taken. |
| 15:18:25 | 4 | THE COURT:  I think you need to talk to those other |
| 15:18:27 | 5 | attorneys. |
| 15:18:28 | 6 | THE DEFENDANT:  Well, they told me to get those two |
| 15:18:31 | 7 | misdemeanors out of the way, so it wouldn't affect, you know, |
| 15:18:34 | 8 | trial and whatnot, so I took the plea agreements under the |
| 15:18:37 | 9 | understanding that that certain amount of time wouldn't affect |
| 15:18:40 | 10 | my scoring and otherwise it wouldn't have been. |
| 15:18:44 | 11 | THE COURT:  Okay.  I appreciate your point. |
| 15:18:48 | 12 | Let's take a brief break.  We'll see if we can locate |
| 15:18:51 | 13 | some of the paperwork substantiating the one issue, and then |
| 15:18:56 | 14 | we'll return to the courtroom in approximately 15 minutes. |
| 15:19:01 | 15 | THE DEFENDANT:  Sir, the clarification for the -- |
| 15:19:04 | 16 | that paperwork you're looking for, that was from the interview |
| 15:19:07 | 17 | with Mr. Smith, Agent Smith. |
| 15:19:10 | 18 | THE COURT:  Okay.  Thank you. |
| 15:19:11 | 19 | THE DEFENDANT:  Yes. |
| 15:19:14 | 20 | THE COURT:  Close our record for a short period of |
| 15:19:16 | 21 | time, and I'll see counsel in chambers, please. |
| 15:19:19 | 22 | (At 3:19 p.m., break taken.) |
| 15:59:11 | 23 | (At 3:59 p.m., break concluded.) |
| 15:59:49 | 24 | THE COURT:  We are back in session.  We had begun a |
| 15:59:52 | 25 | conversation with respect to a couple objections related to the |

| | | |
|---|---|---|
| 15:59:56 | 1 | presentence investigation report. Counsel have reviewed a |
| 16:00:00 | 2 | number of the source documents and have otherwise been able to |
| 16:00:05 | 3 | try to advance a response. |
| 16:00:09 | 4 | Mr. Rupp, if you could identify the issue, and we'll |
| 16:00:13 | 5 | walk our way through each one of these, please. |
| 16:00:16 | 6 | MR. RUPP: Judge, I think just going numerically, the |
| 16:00:19 | 7 | first issue would be with regard to paragraph 14 of the report |
| 16:00:22 | 8 | where it indicates as written that Mr. Zube admitted to |
| 16:00:26 | 9 | promoting young girls and admitting further that those females |
| 16:00:29 | 10 | were under age 18 on Snapchat. |
| 16:00:32 | 11 | We were able to locate Agent Smith's handwritten |
| 16:00:36 | 12 | notes from that interview, and I believe the defense and the |
| 16:00:39 | 13 | Government agree that an appropriate rewriting of that |
| 16:00:45 | 14 | statement would be that Mr. Zube admitted promoting females on |
| 16:00:51 | 15 | Snapchat or other social media and that during that time he |
| 16:00:54 | 16 | would run across underage females, but ultimately the thrust is |
| 16:01:00 | 17 | that he did not promote underage females. |
| 16:01:03 | 18 | THE COURT: And the Government's agreeable to the |
| 16:01:05 | 19 | modification. |
| 16:01:06 | 20 | MR. VAILLIENCOURT: Yes, and just as a clarification, |
| 16:01:08 | 21 | it was Agent Engelby's notes that reflected that so, yes, we're |
| 16:01:12 | 22 | agreeable to modifying that sentence to essentially read that |
| 16:01:16 | 23 | Zube admitted promoting girls of legal age but came across |
| 16:01:22 | 24 | girls that were younger while promoting. |
| 16:01:24 | 25 | THE COURT: Thank you. |

| | | |
|---|---|---|
| 16:01:25 | 1 | **MR. RUPP:**  So and jumping forward, Judge, related |
| 16:01:29 | 2 | language found in paragraph 114. |
| 16:01:31 | 3 | **THE COURT:**  114. |
| 16:01:34 | 4 | **MR. RUPP:**  About the fourth line down, as written, |
| 16:01:36 | 5 | the report reads, "Defendant's conduct is more egregious as he |
| 16:01:40 | 6 | admittedly promoting the minor females and their illicit images |
| 16:01:44 | 7 | to other perpetrators online."  I believe the defense and |
| 16:01:47 | 8 | Government agree that in light of the agent's notes that we |
| 16:01:50 | 9 | would simply strike that line from the report. |
| 16:01:54 | 10 | **MR. VAILLIENCOURT:**  That's correct. |
| 16:01:57 | 11 | **THE COURT:**  Which I believe takes us to paragraph 48? |
| 16:02:01 | 12 | **MR. RUPP:**  I think 44 is next, Judge.  That's a 2009 |
| 16:02:08 | 13 | conviction regarding sex offender registration.  I believe it's |
| 16:02:13 | 14 | Mr. Zube's assertion that he was only sentenced to serve three |
| 16:02:19 | 15 | days on that matter and that the points assessed for it should |
| 16:02:23 | 16 | be lower.  I'll let Mr. Vailliencourt respond. |
| 16:02:28 | 17 | **MR. VAILLIENCOURT:**  Thank you.  Yes, the Probation |
| 16:02:29 | 18 | Department obtained from the 74th District Court in Bay City a |
| 16:02:35 | 19 | printout of the case history, register of actions, which |
| 16:02:39 | 20 | reflected -- which reflects a conviction and a sentence on |
| 16:02:44 | 21 | May 13 of 2010 for 60 days in jail with credit for 60 days. |
| 16:02:52 | 22 | So the Court records confirm the accuracy of what's |
| 16:02:56 | 23 | reflected in paragraph 44. |
| 16:02:58 | 24 | **THE COURT:**  Thank you. |
| 16:03:02 | 25 | **MR. RUPP:**  Judge, I believe the next objection was |

US v. Zube - Sentencing - August 4, 2022

| | |
|---|---|
| 16:03:04 | 1 |
| 16:03:11 | 2 |
| 16:03:14 | 3 |
| 16:03:18 | 4 |

1  with regard to paragraph 48, a 2019 conviction for failing to

2  comply with sex offender registration.  I believe that's the

3  one that Mr. Zube asserts was dismissed based on prosecutor

4  error.

5          MR. VAILLIENCOURT:  And, again, Your Honor, the

6  Probation Department obtained similar documentation from the

7  74th District Court indicating that there was, in fact, a

8  conviction and a sentence on November 5th of 2020 of 14 days in

9  jail with credit for 14 days.  So, again, the documentation

10  would support the recitation in paragraph 48.

11          THE COURT:  A plea-based conviction, correct?

12          MR. VAILLIENCOURT:  That's correct.

13          THE COURT:  Which takes us to 49.

14          MR. RUPP:  And, Judge, 49 is the 2021 conviction for

15  aggravated assault while Mr. Zube was an inmate at the Isabella

16  County jail.  It's his assertion that he specifically entered

17  into an agreement that was -- and the sentence was imposed

18  pursuant to that agreement that would have been under the

19  60-day threshold in an effort to avoid scoring additional

20  points in this calculation.

21          MR. VAILLIENCOURT:  And, again, Your Honor, the

22  Probation Department obtained a copy of the judgment of

23  sentence from the 76th -- 76th District Court in Isabella

24  County reflecting that the defendant was convicted by a plea of

25  the charge of aggravated assault, which is a one-year

US v. Zube - Sentencing - August 4, 2022

| | | |
|---|---|---|
| 16:04:42 | 1 | misdemeanor, and was sentenced to serve 101 days in jail with |
| 16:04:47 | 2 | credit for the 101 days. |
| 16:04:51 | 3 | So, again, the score -- or the summary as outlined in |
| 16:04:55 | 4 | paragraph 49 of the presentence report conforms to those |
| 16:05:00 | 5 | documents from the District Court. |
| 16:05:02 | 6 | THE COURT:  Okay.  Separately, the presentence |
| 16:05:05 | 7 | investigation report had an advisory line scoring.  It |
| 16:05:11 | 8 | reflected a base offense level of 18, two-level increase as a |
| 16:05:16 | 9 | result of the -- a number of the images including prepubescent |
| 16:05:20 | 10 | minors, a four-level increase as a result of a number of the |
| 16:05:25 | 11 | images containing sadistic or masochistic conduct, a two-level |
| 16:05:33 | 12 | increase for the use of a computer, a four-level increase as a |
| 16:05:36 | 13 | result of there being a great -- more than 300 images but less |
| 16:05:40 | 14 | than 600. |
| 16:05:43 | 15 | His resulting offense level score was 30.  Fourteen |
| 16:05:47 | 16 | level -- excuse me, 14 criminal history points placing him in |
| 16:05:51 | 17 | Category VI.  As a result, the advisory guideline range was for |
| 16:05:57 | 18 | 168 months to 210 months. |
| 16:06:01 | 19 | Any challenges to the scoring, sir? |
| 16:06:04 | 20 | MR. RUPP:  Judge, besides those that have already |
| 16:06:06 | 21 | been placed on the record, I don't have any additional comment |
| 16:06:09 | 22 | with regard to the scoring.  It does appear to be consistent |
| 16:06:12 | 23 | with the jury's verdict. |
| 16:06:14 | 24 | THE COURT:  Any challenges to the scoring or to the |
| 16:06:18 | 25 | report from the Government? |

| | | |
|---|---|---|
| 16:06:20 | 1 | **MR. VAILLIENCOURT:**  No, Your Honor. |
| 16:06:22 | 2 | **THE COURT:**  I would note I have had a chance to |
| 16:06:24 | 3 | review your sentencing memorandum, Mr. Rupp.  We would |
| 16:06:28 | 4 | entertain any remarks that you would like to make in allocution |
| 16:06:32 | 5 | on behalf of the defendant. |
| 16:06:34 | 6 | **MR. RUPP:**  Judge, I'll be brief because I think the |
| 16:06:38 | 7 | written submission really covers my take on this.  I'd just |
| 16:06:41 | 8 | reiterate that it has been a struggle, the relationship between |
| 16:06:46 | 9 | Mr. Zube and I, as we've gone through this prosecution, and |
| 16:06:50 | 10 | it's unfortunate some of the things that I learned about him |
| 16:06:53 | 11 | and his past didn't come out until we were in the presentence |
| 16:06:57 | 12 | investigation phase. |
| 16:07:01 | 13 | All too much time of our -- all too much of our time |
| 16:07:05 | 14 | spent preparing and then litigating this I think was misplaced, |
| 16:07:09 | 15 | and I think now that having a clearer picture of his past, as |
| 16:07:15 | 16 | well as some of his mental health issues -- not that they |
| 16:07:18 | 17 | excuse the behavior -- help explain it and also explain the |
| 16:07:24 | 18 | difficulty that we experienced in our relationship. |
| 16:07:28 | 19 | You know, hindsight's 20/20.  I don't know that it |
| 16:07:33 | 20 | would have affected any change, but I certainly, as his |
| 16:07:35 | 21 | counsel, would have approached him differently, and to the |
| 16:07:37 | 22 | extent that I fell short in learning those things about him, I |
| 16:07:41 | 23 | apologize to him. |
| 16:07:43 | 24 | But with all of that, Judge, and with the lengthy |
| 16:07:48 | 25 | history that's contained in this report, I would suggest that a |

| | | |
|---|---|---|
| 16:07:51 | 1 | sentence at the bottom end of the guidelines is sufficient to |
| 16:07:55 | 2 | meet the statutory concerns and considerations without being |
| 16:07:59 | 3 | excessive and that for Mr. Zube's benefit there should be a |
| 16:08:03 | 4 | strong emphasis during his time in custody and afterwards on |
| 16:08:08 | 5 | appropriate counseling for his own benefit. |
| 16:08:12 | 6 | THE COURT: Thank you, sir. I appreciate your |
| 16:08:13 | 7 | remarks. |
| 16:08:15 | 8 | Mr. Zube, anything that you would add to Mr. Rupp's |
| 16:08:19 | 9 | remarks on your behalf? |
| 16:08:20 | 10 | THE DEFENDANT: I do agree that maybe some of our |
| 16:08:30 | 11 | interactions didn't benefit either us or the Court's time, and |
| 16:08:35 | 12 | there were some things that could been done differently. |
| 16:08:43 | 13 | I'm not exactly sure what -- there are some things I |
| 16:08:46 | 14 | wanted to bring up, but I don't know if this is the appropriate |
| 16:08:49 | 15 | time, I can -- if Mr. Rupp will inform me when that is. |
| 16:08:54 | 16 | THE COURT: Do they relate to sentencing? |
| 16:08:56 | 17 | THE DEFENDANT: Okay. There were some other points |
| 16:08:57 | 18 | that were not -- things that were not put on the record, and I |
| 16:09:00 | 19 | just wanted to make sure that -- my understanding is they need |
| 16:09:04 | 20 | to be said so that they can be brought up in an appeal. If |
| 16:09:08 | 21 | that's the case, partially the ineffective assistance would |
| 16:09:13 | 22 | definitely be one of them. |
| 16:09:16 | 23 | THE COURT: Which is often addressed on |
| 16:09:19 | 24 | post-conviction motions, sir. |
| 16:09:22 | 25 | THE DEFENDANT: Right. And any of those things that |

| | | |
|---|---|---|
| 16:09:23 | 1 | would still be allowed to bring up, I would have no problem |
| 16:09:26 | 2 | doing that later.  I just -- my understanding was I had to tell |
| 16:09:29 | 3 | you about certain things so that they were secured for later. |
| 16:09:31 | 4 | If that's not the case, then I can talk about all them with the |
| 16:09:37 | 5 | appeal attorney. |
| 16:09:38 | 6 |         THE COURT:  That particular subject that you had |
| 16:09:39 | 7 | referred to is often addressed as a post-conviction matter. |
| 16:09:45 | 8 |         THE DEFENDANT:  Okay.  Then one other thing that I'm |
| 16:09:48 | 9 | sure you'll remember, prior to trial I tried to raise some |
| 16:09:51 | 10 | things.  You told me to go through Mr. Rupp.  I do believe I |
| 16:09:54 | 11 | should have been able to put in for a Frank's hearing as there |
| 16:09:58 | 12 | is certain proofs of at least three things that were either |
| 16:10:04 | 13 | direct lies or omissions in the affidavit for the search |
| 16:10:06 | 14 | warrant, and I believe that needs to be addressed later, too. |
| 16:10:11 | 15 |         THE COURT:  Okay.  Anything else that you think |
| 16:10:15 | 16 | should be addressed in terms of your sentence, sir? |
| 16:10:16 | 17 |         THE DEFENDANT:  No, sir. |
| 16:10:20 | 18 |         THE COURT:  All right.  I appreciate your remarks. |
| 16:10:21 | 19 | Thank you. |
| 16:10:22 | 20 |         Government? |
| 16:10:28 | 21 |         MR. VAILLIENCOURT:  Well, Your Honor, three victims |
| 16:10:29 | 22 | have been identified in the presentence report as individuals |
| 16:10:35 | 23 | who were in the images possessed by Mr. Zube.  They're not |
| 16:10:39 | 24 | present, but they did submit impact statements for the Court to |
| 16:10:43 | 25 | review. |

| | | |
|---|---|---|
| 16:10:44 | 1 | The Court has heard all the testimony at trial and |
| 16:10:47 | 2 | had the unfortunate duty of seeing those images.  The jury also |
| 16:10:52 | 3 | suffered the trauma of seeing those images and it was only a |
| 16:10:56 | 4 | small sampling of what the defendant actually possessed.  But |
| 16:10:59 | 5 | the reaction of some of the jurors I think demonstrates the |
| 16:11:03 | 6 | revulsion that the defendant's conduct causes.  Many turned |
| 16:11:07 | 7 | away in disgust; others cried. |
| 16:11:12 | 8 | It says nothing about the impact about the possession |
| 16:11:14 | 9 | of child pornography that it has on the victims.  Young kids in |
| 16:11:18 | 10 | this case, whose abuse and molestation is preserved and |
| 16:11:25 | 11 | distributed for those like the defendant to view for their own |
| 16:11:29 | 12 | enjoyment.  The impact on those kids is described in their |
| 16:11:32 | 13 | statements, and one of them was four years old at the time, |
| 16:11:34 | 14 | another was between five and 11, so defendant's conduct does |
| 16:11:39 | 15 | have an impact on real people. |
| 16:11:42 | 16 | As far as what to do with the defendant, Your Honor, |
| 16:11:44 | 17 | the defendant would be subjected to an enhanced maximum |
| 16:11:48 | 18 | sentence of 20 years if he had either images of children under |
| 16:11:52 | 19 | age 12 or a prior conviction related to the possession of child |
| 16:11:57 | 20 | pornography.  In this case, the defendant has both, so I |
| 16:12:03 | 21 | believe that makes him unique, and that suggests that a |
| 16:12:07 | 22 | sentence toward the top of the guidelines is actually a more |
| 16:12:10 | 23 | appropriate sentence for this defendant. |
| 16:12:12 | 24 | We're also asking the Court to order restitution to |
| 16:12:15 | 25 | the victims in the amounts that they requested.  We're also |

| | | |
|---|---|---|
| 16:12:19 | 1 | asking the Court to order the forfeiture of the requested |
| 16:12:23 | 2 | items.  There was a preliminary order of forfeiture that has |
| 16:12:28 | 3 | been entered.  We're asking the Court to put the forfeiture |
| 16:12:31 | 4 | portion of the defendant's sentence on the record, and we ask |
| 16:12:35 | 5 | that the forfeiture language be included in the defendant's |
| 16:12:38 | 6 | judgment.  We have provided to the Court's case manager, the |
| 16:12:43 | 7 | probation officer and defense counsel the proposed language, so |
| 16:12:47 | 8 | we'd ask the Court to do all that in imposing an appropriate |
| 16:12:50 | 9 | sentence in this case. |
| 16:12:52 | 10 | THE COURT:  Thank you, sir. |
| 16:12:53 | 11 | MR. VAILLIENCOURT:  Thank you. |
| 16:12:53 | 12 | THE COURT:  I want to clarify one point particularly |
| 16:12:57 | 13 | with you Mr. Vailliencourt and Ms. Teeples.  My original |
| 16:13:01 | 14 | recommendation addresses a -- recommends a single assessment |
| 16:13:07 | 15 | under the Justice for Victims of Trafficking Act of 5,000.  Is |
| 16:13:13 | 16 | there updated information concerning the number of victims and |
| 16:13:18 | 17 | the quantification of the amount? |
| 16:13:21 | 18 | MR. VAILLIENCOURT:  No, Your Honor.  The only victims |
| 16:13:22 | 19 | that we have identified were the three victims that are |
| 16:13:26 | 20 | specified in the presentence report. |
| 16:13:28 | 21 | THE COURT:  As the basis for that recommendation, |
| 16:13:31 | 22 | okay. |
| 16:13:40 | 23 | There really is no one in the courtroom that has |
| 16:13:46 | 24 | had -- has a better understanding for what the potential |
| 16:13:49 | 25 | consequence was of the behavior that Mr. Zube engaged here. |

16:13:53  1  The gentleman over the course of 34 years has accumulated 14

16:13:58  2  criminal history points.  He understands the criminal justice

16:14:01  3  system, and he understands the prohibitions of law.  He

16:14:05  4  understood the gravity of his involvement in the -- with child

16:14:12  5  pornography as well as the fact that those images will remain

16:14:17  6  in perpetuity to continue hurting the victims in many of those

16:14:26  7  images.

16:14:27  8           It was a difficult case to try.  It was, as pointed

16:14:31  9  out, a very difficult case for the jury.  They did their job.

16:14:35  10  Nevertheless, the offense is of significant gravity and as is

16:14:43  11  the sentence to be imposed.

16:14:45  12           I would, however, on the other hand, credit a number

16:14:49  13  of points that I thought Mr. Rupp made in allocution, and that

16:14:55  14  is the fact that we learned more about Mr. Zube, his personal

16:14:59  15  history, some of his personal challenges, during the course of

16:15:04  16  his 34 years.

16:15:09  17           There -- it was, in many respects, not easy growing

16:15:12  18  up.  He faced difficult challenges during that period of time

16:15:19  19  that made it difficult for him to maintain his complete

16:15:23  20  attention to his behavior, and we will, as a result of that,

16:15:27  21  make recommendations to the Bureau of Prisons to hopefully

16:15:31  22  provide him support.

16:15:34  23           I would note that he does have the support of his

16:15:40  24  father.  He's been here during the course of the trial, as well

16:15:45  25  as each of the hearings.  You are lucky in that respect,

| | | |
|---|---|---|
| 16:15:50 | 1 | Mr. Zube, to continue to have the support of your dad. |
| 16:15:56 | 2 | We have reviewed the Sentencing Reform Act.  I've |
| 16:15:57 | 3 | briefly highlighted a number of the 3553(a) factors important |
| 16:16:02 | 4 | to the Court's assessment.  We would hereby commit the |
| 16:16:07 | 5 | gentleman to the custody of the United States Bureau of Prisons |
| 16:16:08 | 6 | for a term of 180 months. |
| 16:16:11 | 7 | Upon his release from custody, he is to be placed on |
| 16:16:13 | 8 | supervised release for a term of five years.  He's ordered to |
| 16:16:17 | 9 | pay the statutory assessment of $100.  He is also ordered to |
| 16:16:21 | 10 | pay the Justice for Victims of Trafficking Act assessment of |
| 16:16:26 | 11 | $5,000.  That's due presently.  Drug testing is ordered as is |
| 16:16:31 | 12 | required by statute. |
| 16:16:33 | 13 | Mr. Zube is also to cooperate with the collection of |
| 16:16:36 | 14 | a DNA sample as directed by his probation officer.  While he's |
| 16:16:41 | 15 | on supervised release he is to abide by the standard conditions |
| 16:16:45 | 16 | of supervised release that have been adopted by the United |
| 16:16:48 | 17 | States District Court for the Eastern District of Michigan. |
| 16:16:51 | 18 | He's also to comply with the following additional special |
| 16:16:54 | 19 | conditions: |
| 16:16:55 | 20 | He is to comply with the requirements of the Sex |
| 16:16:57 | 21 | Offender Registration and Notification Act.  He is to |
| 16:17:02 | 22 | successfully complete any sex offender diagnostic evaluation, |
| 16:17:04 | 23 | treatment or counseling program as directed by his probation |
| 16:17:08 | 24 | officer.  Reports pertaining to the assessments and treatment |
| 16:17:12 | 25 | will be provided to his probation officer.  He is also to |

| 16:17:16 | 1 | contribute financially to the expense of same to the extent of |
| 16:17:21 | 2 | his ability as determined by his probation officer. |
| 16:17:23 | 3 | He is not to have direct contact with any child that |
| 16:17:26 | 4 | he knows or has reason to know is under the age of 18, |
| 16:17:30 | 5 | including his own children, without the permission of his |
| 16:17:33 | 6 | probation officer.  If he does have direct contact with any |
| 16:17:37 | 7 | child that would fall into such category, including his own |
| 16:17:41 | 8 | children, without the permission of his probation officer, he |
| 16:17:44 | 9 | is to report it within 24 hours of the occasion. |
| 16:17:48 | 10 | He is to participate in a computer internet |
| 16:17:50 | 11 | monitoring program administered by the United States Probation |
| 16:17:53 | 12 | Department.  He must abide by the computer internet monitoring |
| 16:17:58 | 13 | program participation agreement that is in effect at the time |
| 16:18:00 | 14 | of supervision and comply with any amendments to the program |
| 16:18:04 | 15 | during the term of supervision. |
| 16:18:06 | 16 | He is to submit his person, residence, office, |
| 16:18:09 | 17 | vehicle, paper, business -- papers, business or place of |
| 16:18:13 | 18 | employment and any property that is under his control to a |
| 16:18:17 | 19 | search.  The search is to be conducted by a United States |
| 16:18:20 | 20 | probation officer at a reasonable time, in a reasonable manner, |
| 16:18:24 | 21 | based upon a reasonable suspicion of contraband or evidence of |
| 16:18:27 | 22 | a violation of a condition of release. |
| 16:18:30 | 23 | His failure to submit to the search may constitute |
| 16:18:33 | 24 | independent grounds for revocation of his terms of supervised |
| 16:18:36 | 25 | release.  His failure to submit -- excuse me -- he is also to |

16:18:41  1  warn anyone that he is residing with that he's amenable to a

16:18:44  2  search on those terms.

16:18:45  3          He is to notify anyone he may be dating or intending

16:18:50  4  to marry with a minor child under the age of 18 of the fact of

16:18:53  5  his conviction.  He is not to purchase, sell, view or possess

16:18:56  6  images in any form of media or live venue that depict

16:19:02  7  pornography, sexually explicit conduct, child erotica or child

16:19:07  8  nudity.  He is not to patronize any place where such material

16:19:11  9  is available.

16:19:11  10          He is also to have all of his residences preapproved

16:19:14  11  by the Probation Department.  He must not provide care or live

16:19:17  12  in a residence where children under the age of 18 or adults

16:19:21  13  with disabilities also reside without prior approval of his

16:19:25  14  probation officer.

16:19:27  15          He is to submit to periodic polygraph testing at the

16:19:32  16  direction of his probation officer as a means to insure

16:19:35  17  compliance with the requirements of supervision or treatment.

16:19:39  18  No violation proceedings will arise solely on the basis of the

16:19:40  19  polygraph examination.  Again, he's also to contribute

16:19:47  20  financially to the expense of the polygraph examinations to the

16:19:50  21  extent of his financial capability as determined by his

16:19:54  22  probation officer.

16:19:55  23          Finally, he is to participate in a mental health

16:19:58  24  treatment program and follow the rules and regulations of that

16:20:01  25  program.  His probation officer, in consultation with the

| | | |
|---|---|---|
| 16:20:05 | 1 | treatment provider, will supervise -- will supervise his |
| 16:20:10 | 2 | participation in the program. |
| 16:20:14 | 3 | There were also forfeiture provisions identifying a |
| 16:20:20 | 4 | number of the electronic information obtained from Mr. Zube.  I |
| 16:20:27 | 5 | believe that's been reduced to judgment.  Am I correct in my |
| 16:20:31 | 6 | understanding? |
| 16:20:33 | 7 | **MR. VAILLIENCOURT:**  Well, I know that a preliminary |
| 16:20:34 | 8 | order was entered.  I'm not sure that I've seen an actual |
| 16:20:39 | 9 | judgment entered, a final judgment. |
| 16:20:41 | 10 | **THE COURT:**  We'll include the reference in the |
| 16:20:44 | 11 | judgment of sentence to the forfeiture judgment. |
| 16:20:48 | 12 | **MR. VAILLIENCOURT:**  Thank you. |
| 16:20:49 | 13 | **THE COURT:**  Any questions concerning the sentence or |
| 16:20:53 | 14 | objections that we've not given earlier attention to, Mr. Rupp? |
| 16:20:58 | 15 | **MR. RUPP:**  Not that I'm aware of, Judge. |
| 16:21:00 | 16 | **MR. VAILLIENCOURT:**  Yes.  There were three victims in |
| 16:21:02 | 17 | this case that made restitution requests.  Pia, who is in the |
| 16:21:08 | 18 | "Sweet Sugar" series, requested $5,000 restitution. |
| 16:21:13 | 19 | Sarah from "Marineland1" series requested $10,000. |
| 16:21:18 | 20 | And then the individual in the "Aprilblonde" series |
| 16:21:22 | 21 | requested restitution of anywhere between 3,000 and $20,000 in |
| 16:21:27 | 22 | restitution. |
| 16:21:28 | 23 | I believe those figures would be appropriate.  Under |
| 16:21:31 | 24 | the statute, the Court's required to order at least $3,000.  As |
| 16:21:37 | 25 | I've indicated, one's requested between 3 and 20; Pia requested |

| | | |
|---|---|---|
| 16:21:41 | 1 | 5,000; and Sarah requested 10,000.  We would ask the Court to |
| 16:21:45 | 2 | order restitution in those amounts. |
| 16:21:50 | 3 | THE COURT:  You're kind of closing a loop on a |
| 16:21:52 | 4 | question I had earlier.  Because those have been made through |
| 16:22:00 | 5 | your office, but I have not actually seen any of those myself. |
| 16:22:03 | 6 | There's reference to them in the context of the report, but |
| 16:22:08 | 7 | before I make a finding, I think I need to at least read the |
| 16:22:11 | 8 | materials and understand the basis for the request. |
| 16:22:15 | 9 | MR. VAILLIENCOURT:  All the documentation was |
| 16:22:17 | 10 | provided to probation, you know, with all the support, and it |
| 16:22:20 | 11 | was also provided to counsel, and they were -- they were |
| 16:22:25 | 12 | included in the report, so -- but if the Court wants, I mean, |
| 16:22:28 | 13 | we'll have probation get you those additional documentation. |
| 16:22:31 | 14 | We just ask that those amounts be ordered and included in the |
| 16:22:35 | 15 | judgment. |
| 16:22:38 | 16 | THE COURT:  And to the extent that that information |
| 16:22:40 | 17 | is now available, we also have 90 days under statute in order |
| 16:22:45 | 18 | to make a determination on the restitution requests.  Because |
| 16:22:49 | 19 | that's been identified, I'll look at the source documentation |
| 16:22:53 | 20 | that's available and reach a conclusion on the restitution |
| 16:22:56 | 21 | amounts. |
| 16:22:56 | 22 | MR. VAILLIENCOURT:  Thank you, Your Honor. |
| 16:22:57 | 23 | THE COURT:  Any additional business, |
| 16:22:58 | 24 | Mr. Vailliencourt, from the Government's perspective? |
| 16:23:01 | 25 | MR. VAILLIENCOURT:  No, Your Honor. |

| | | |
|---|---|---|
| 16:23:02 | 1 | **THE COURT:**  One thing I want to be sure that Mr. Zube |
| 16:23:04 | 2 | knows is that he's entitled to seek an appeal and a review of |
| 16:23:10 | 3 | the decisions that have been made during the course of his |
| 16:23:13 | 4 | experience hear with the trial court.  Nevertheless, in order |
| 16:23:18 | 5 | for that to be timely, he'll have to have the claim of appeal |
| 16:23:20 | 6 | filed with the clerk of court within 14 days. |
| 16:23:23 | 7 | Mr. Rupp, have you had a chance to talk with Mr. Zube |
| 16:23:26 | 8 | concerning that subject? |
| 16:23:27 | 9 | **MR. RUPP:**  Repeatedly and at length. |
| 16:23:29 | 10 | **THE COURT:**  Okay.  Good luck, Mr. Zube. |
| 16:23:32 | 11 | Record's closed. |
| 16:23:32 | 12 | (At 4:23 p.m., court recessed.) |
| 16:23:32 | 13 | |
| 16:23:32 | 14 | |
| 16:23:32 | 15 | * * * * * |
| | 16 | C E R T I F I C A T E |
| | 17 | I certify that the foregoing is a correct transcript |
| | 18 | from the proceedings in the above-entitled matter. |
| | 19 | |
| | 20 | |
| | 21 | Date: 11-14-2022    Carol M. Harrison, RMR, FCRR |
| | 22 | Official Court Reporter<br>United States District Court |
| | 23 | Eastern District of Michigan<br>1000 Washington Avenue |
| | 24 | Bay City, MI  48708 |
| | 25 | |

US v. Zube - Sentencing - August 4, 2022