<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 22-1706

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 21, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR ) THE EASTERN DISTRICT OF |
| JUSTIN WILLIAM ZUBE, | ) MICHIGAN ) |
| Defendant-Appellant. | ) |

<u>O R D E R</u>

Before: BOGGS, BATCHELDER, and GIBBONS, Circuit Judges.

Justin William Zube appeals his conviction for possessing or accessing with intent to view, child pornography. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). Because the record is not devoid of evidence of Zube's guilt, we affirm.

Following a four-day trial and only 21 minutes of deliberation, a jury convicted Zube of possessing, or accessing with intent to view, child pornography involving a minor under 12 years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced him to 180 months of imprisonment.

On appeal, Zube argues that the evidence presented at trial is insufficient to support his conviction, because the government failed to prove that he is the one who accessed the images of child pornography found on three cell phones in his home or that he intended to view or was aware of the child pornography found on the phones.

As the government points out, Zube did not preserve his sufficiency-of-the-evidence argument for appeal, because he did not move for a judgment of acquittal under Federal Rule of

Criminal Procedure 29 after the conclusion of the prosecutor's case-in-chief or at the close of all evidence. *See United States v. Raymore*, 965 F.3d 475, 484 (6th Cir. 2020).  We therefore review for a manifest miscarriage of justice Zube's appellate argument and will reverse his conviction only if "the record is devoid of evidence pointing to guilt." *Id.* (quoting *United States v. Kuehne*, 547 F.3d 667, 697 (6th Cir. 2008)).

To convict Zube under § 2252A(a)(5)(B), the government had to prove that he "knowingly possesse[d], or knowingly accesse[d] with intent to view, a[] book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography," and that there was a nexus with interstate commerce. *United States v. Sykes*, 65 F.4th 867, 883 (6th Cir. 2023) (quoting 18 U.S.C. § 2252A(a)(5)(B)).  Zube does not challenge the government's evidence with respect to the interstate-commerce element.

Zube first raises an issue of identity—arguing that the government failed to prove that he is the one who accessed the child pornography files found on the three cell phones.  This argument is unfounded.  The mother of Zube's children, who previously lived in the home that authorities searched, testified that the cell phones in question were seized from a room that belonged to Zube and that contained his belongings.  Zube's shoes, keys, and a piece of mail addressed to Zube were found in the same room as the cell phones.  And specific locations of the cell phones suggested that the room's occupant used them: they were found on the bed, on the floor next to the bed, and in the top dresser drawer.

Perhaps even more compelling is the electronic evidence found on the devices.  Snapchat initially reported to authorities that a specific user account "was associated with child pornography."  The IP address that had accessed the account was associated with a Sprint account in the name of "Justin Williams," and Zube and his father Randy lived at the address listed on the account.  The telephone number associated with the Sprint account was the number for several of the cell phones seized from Zube's bedroom, Zube communicated with an FBI special agent from that phone number, and the mother of Zube's children identified the telephone number as belonging to Zube.  The last four digits of Zube's social security number were used as the passcode

that unlocked the three cell phones that contained child pornography, and the device name for the cell phone found in the dresser drawer was "justins phone." Three hundred and five images and two videos of child pornography were found on that phone alone. Many usernames and passwords on cell phones found throughout the bedroom were derivatives of Zube's name and birth year, and the same account names and passwords were found on multiple devices—suggesting that Zube used them all.

Zube nevertheless argues that the government failed to prove how the cell phones came to be in his bedroom. But this background information is unnecessary where the other circumstantial evidence regarding the identity of the cell-phone user is so compelling. Indeed, "[c]ircumstantial evidence alone is sufficient to sustain a conviction." *United States v. Clark*, 24 F.4th 565, 572 (6th Cir. 2022) (quoting *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986)). A reasonable juror easily could have inferred from the circumstantial evidence that the cell phones were in the bedroom because Zube was using them. Zube also argues that the government failed to prove that he was the only person who had access to the cell phones. The evidence presented by the government "need not remove every reasonable hypothesis except that of guilt," however. *Id.* (quoting *Vannerson*, 786 F.2d at 225). And the government persuasively argued, based on the location of the seized phones and the phones' passcodes, user accounts, and passwords, that it was Zube who accessed the child pornography. Zube produced no evidence suggesting otherwise.

Finally, Zube argues that the government failed to show that he intended to view—or was even aware of—the images of child pornography that were found on the three phones. But the record is not devoid of evidence of Zube's intent. Michigan State Police Sergeant Evan Zapolski testified that the initial tip that he had received reported that a Snapchat account accessed from an IP address associated with Zube either sent or received files containing child pornography. The Snapchat account was found on one of the cell phones seized from Zube's room. Zapolski further testified that the location of several of the images of child pornography showed that they had been saved on the cell phones' galleries, meaning that the images did not accidentally pop up during an internet search but actually had been saved on the devices. Other evidence would have allowed a

reasonable juror to conclude that Zube had not unintentionally accessed the images. On one phone, the user had bookmarked and visited numerous websites advertising photographs of preteen girls. And in addition to the cell phones, authorities found a flash drive in Zube's room, which contained two videos of screen recordings showing child pornography that was found on the cell phones. The jury also heard evidence that Zube had previously possessed child pornography, and it was allowed to consider that evidence "in deciding if [Zube] committed the crime for which he is now on trial." Finally, the sheer number of images found on the three phones—387 in total—and the fact that they were found on three separate phones would have allowed a reasonable juror to conclude that Zube knowingly possessed and accessed the files stored on those phones.

For the foregoing reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk